Dykman, J.
In the month of May, 1886, the relator entered into a contract with the improvement commissioners of the town of Hew Lots, in Kings comity, by which he *104 undertook to grade and pave Atlantic avenue in' that town, and do certain other things in accordance with the specifications annexed to the contract.
Monthly payments were to be made under the contract as the work was in progression, upon the certificate of the engineer in charge thereof.
The relator entered upon the performance of his contract, and on the 31st day of July, 1886, the work was in a state of forwardness that justified a payment to the relator of $27,000.
The supervising engineer furnished a certificate to that effect to the commissioners of improvement of the town, and that board issued an order to the supervisor of the town and its own treasurer, directing the payment of the sum certified, upon the contract of the relator. It is true the date of the certificate is one day subsequent to that of the order, but that is quite unimportant. Both were furnished before the defendant was requested to pay, and so far as their legal operation and effect was intended to reach, their insufficiency could not be predicated on that objection.
On the first day of August, 1886, the town of New Lots was annexed to the city of Brooklyn, and became the Twenty-sixth ward therein, in pursuance of an act of the legislature, and the demand for the payment of the order of the improvement commissioners was made subsequent to that date.
In our view the annexation of the town of New Lots to. the city of Brooklyn wrought no change in the official status of the defendant; he is yet the supervisor of the town, and the duties of his official position are still incumbant upon him, and his powers are unimpaired.
The installment of $27,000 has become due and payable, and the order for its payment should have been honored by the defendant.
If the contract of the relator has not been performed by him, the fact can be presented in opposition to the payment of the final balance.
Our examination leads us to the conclusion that the order appealed from should be affirmed with costs.
Barnard, P. J., concurs; Pratt, J., not sitting.